BALLIETT, Assignee, etc., *v.* DEARBORN and another.

(*District Court, N. D. New York.* May 21, 1886.)

BANKRUPTCY — FRAUDULENT TRANSACTION — EFFECT OF DISCHARGE — CANCELLATION OF JUDGMENT.

In an action for the cancellation of a judgment, or perpetual stay of execution thereon, on the ground that the debtor has been discharged in bankruptcy, if the holder of the judgment was a party to the fraudulent transaction out of which the judgment has arisen, he cannot plead that the judgment, being founded on a fraudulent transaction, is not affected by the discharge, even though he has acquired his right from one to whom the plea might have been competent.

On the twelfth of December, 1876, Henry M. Davis and David Morse were adjudicated bankrupts. On the second day of February, 1877, the above-named plaintiff, Aaron F. Balliett, was duly appointed their assignee. In April, 1877, he commenced this action against

Benjamin Dearborn and Hezekiah Seeley, alleging that the said bankrupts, within three months prior to the filing of the petition against them, being then insolvent, had fraudulently transferred their stock of general merchandise, valued at $7,000, to the said Dearborn and Seeley, they knowing, or having reasonable cause to believe, that the transfer was made by the bankrupts to defeat the provisions of the bankrupt act, and hinder and defraud their creditors. The plaintiff having recovered a verdict, judgment was entered on the fifth day of February, 1878, in his favor for $4,936.92. After the verdict against them, but prior to the entry of judgment, Dearborn and Seeley filed their petition in this court, and were duly adjudicated bankrupts. On the sixth of March, 1878, Balliett proved the judgment as a debt against their estate, and thereafter received a dividend of $1,236.25. On the twenty-first of March, 1881, the said judgment was sold at public auction, and purchased by one John W. Chipman for the sum of $41. Chipman afterwards sold it to Henry M. Davis, one of the above-named bankrupts, who is now seeking to enforce it against the said Hezekiah Seeley, and has procured an execution to be issued to the marshal, who is about to levy upon the property of the said Seeley by virtue thereof. On the twenty-eighth of February, 1882, the said Seeley was discharged from his debts in bankruptcy. He now moves that the said judgment, as against him, be canceled, or that a perpetual stay of execution be granted. The motion is resisted upon the ground that the judgment, founded upon a fraudulent transfer, is not affected by the discharge.

*Daniel McIntosh*, for the motion.

*Henry M. Davis, pro se,* opposed.

Coxe, J. The motion for a perpetual stay should be granted. The only ground upon which it is resisted is that the judgment was recovered in an action for fraud, and is therefore not affected by the discharge. Even if this proposition were well founded, the party who now owns, and is seeking to enforce, the judgment, is not in a position to avail himself of it, for he is one of the bankrupts, whose fraudulent and collusive transfer made the judgment possible. If the defendants, Dearborn and Seeley, were guilty of fraud in receiving the property of the bankrupts, Davis and Morse were at least equally culpable in making the transfer upon the eve of their bankruptcy; they were the originators and active promoters of the unlawful proceedings. The verdict established their fraud as conclusively as that of the defendants. In the course of time Davis comes into possession of the judgment which his assignee recovered against his companions in fraud. To compel Seeley to pay Davis the amount thus ascertained to be due the estate in bankruptcy as the result of their joint fraud, would be inequitable and unjust. No one should be permitted in this way to profit by his own wrong-doing.

The motion is granted.